988

## (November 8, 1943.)

In the Matter of JACOB RUD (Also Known as JACOB RUDD), an Attorney.— Present — Townley, Glennon, Untermyer, Cohn and Callahan, JJ.

In the Matter of NICHOLAS T. ROGERS, as Administrator of the Estate of BRUNO BURN, Deceased, v. ALBERT F. COYLE.—

Present — Martin, P. J., Townley, Untermyer, Dore and Cohn, JJ.; Martin, P. J., taking no part.

## (November 12, 1943.)

BEN JENKINS et al., Respondents, v. SAMUEL BLOOM, Defendant, and MOTT HAVEN FEED CO., INC., et al., Defendants-Appellants.

*Per Curiam.* There was no evidence that the brain injuries resulting in the neurological symptoms of the plaintiff Jenkins were permanent. The only medical witness offered by the plaintiff on that issue was unable to testify to their permanency. The question of the permanency of these injuries, therefore, should not have been submitted to the jury.

The judgment insofar as it is in favor of the plaintiff Hoffman should be affirmed, with costs, the action severed and the judgment, insofar as it is in favor of the plaintiff Jenkins, reversed and a new trial ordered as to said plaintiff, with costs to the defendants-appellants to abide the event.

Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.

Judgment insofar as it is in favor of plaintiff Hoffman unanimously affirmed, with costs, the action severed and judgment, insofar as it is in favor of plaintiff Jenkins, unanimously reversed and a new trial ordered as to said plaintiff, with costs to the defendants-appellants to abide the event. Settle order on notice.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANUFACTURERS TRUST COMPANY, Appellant, against WILLIAM S. MILLER et al., Constituting the Tax Commission of the City of New York, Respondents. (Taxes of Second Half 1940 and First Half 1941.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANUFACTURERS TRUST COMPANY, Appellant, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Respondents. (Taxes of Second Half 1941 and First Half 1942.)

*Per Curiam.* On this appeal from an order of Special Term fixing the values of relator's property for the tax years 1940–41 and 1941–42, relator does not contest the building values as found by the court at Special Term but claims the Special Term erred in fixing the land value.